# United States Court of Appeals for the Federal Circuit

---

**RICHARD J. LEY,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1425

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1547, Chief Judge Michael P. Allen, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr.

---

Decided: August 7, 2026

---

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA, for claimant-appellant. Also represented by JENNIFER TRACY SHANNON HEALY.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---------------------

Before MOORE, *Chief Judge*, PROST and CUNNINGHAM, *Circuit Judges*.

MOORE, *Chief Judge*.

Richard J. Ley appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board) denial of an earlier effective date for his service-connected chronic lymphocytic leukemia (CLL). For the following reasons, we affirm the Veterans Court decision.

## BACKGROUND

Mr. Ley served honorably in the United States Marine Corps from October 1962 to December 1966, including a tour in Vietnam. J.A. 3; J.A. 38. After he reported consistent fatigue, a 2010 check-up at a Veterans Affairs Medical Center (VAMC) in Florida indicated Mr. Ley had an absolute lymph count (ALC) of 5,200. J.A. 3; J.A. 124–25. The Department of Veterans Affairs (VA) doctor determined Mr. Ley did not meet the criteria for CLL and instead diagnosed Mr. Ley with monoclonal B-cell lymphocytosis (MBL). J.A. 125–26. After his symptoms worsened, Mr. Ley was referred to a VA hematologist who confirmed his MBL diagnosis in 2012. J.A. 3–4; J.A. 127. The hematologist noted Mr. Ley's ALC had exceeded 5,000 since 2010 but showed clonal levels "less than [the] official criteria of 5[,]000 for CLL." J.A. 127. The hematologist specifically noted he "did not use the term leukemia" with Mr. Ley, informing him only that he had MBL and may "need further investigation" in twenty years. *Id.*

Mr. Ley continued receiving annual check-ups, but his condition worsened, ultimately leading to the loss of employment and the sale of his home. J.A. 4–5. After moving from Florida to Tennessee, Mr. Ley sought care at a new VAMC facility where a VA oncologist diagnosed him with

CLL, presumptively resulting from Agent Orange exposure during his service in Vietnam. J.A. 5; J.A. 122; J.A. 1617. The VA oncologist later determined Mr. Ley had CLL since 2010, because the 2010 pathology report both showed an ALC of "5,200" and properly noted "the diagnostic criterion" for CLL was a level "greater than 5,000 monoclonal lymphocytes." J.A. 123.

Four days after receiving his CLL diagnosis, Mr. Ley applied for disability compensation. J.A. 2479–82; *see* J.A. 122. The VA regional office awarded him a 100% disability rating with an effective date of January 29, 2016— the date the VA received his claim. J.A. 5; J.A. 2003–05. Mr. Ley appealed, requesting an earlier effective date because he met the criteria for CLL in 2010 and the Florida VA doctors allegedly misdiagnosed him, failed to inform him he had CLL, or both. J.A. 5–6; J.A. 496–502. The Board ultimately granted Mr. Ley an effective date of January 29, 2015, but no earlier. J.A. 105. The Board acknowledged Mr. Ley's "assertion that VA's failure to properly inform him of his CLL diagnosis prevented him from filing an earlier disability compensation claim" but determined "the law does not permit VA to take such factors into account when assigning an effective date" under 38 U.S.C. § 5110. J.A. 109.

Mr. Ley appealed the Board's decision arguing only (1) the VA was equitably estopped from enforcing the effective date limitations of 38 U.S.C. § 5110, and (2) 38 U.S.C. § 5110's limitations were unconstitutional as applied to Mr. Ley. J.A. 2. The Veterans Court affirmed the Board's decision. Mr. Ley timely appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review "all relevant questions of law, including interpreting constitutional and statutory

provisions." 38 U.S.C. § 7292(d)(1).  Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mr. Ley raises two challenges to the Veterans Court decision.  First, he argues the Veterans Court erred in determining equitable estoppel was foreclosed by our decision in *Taylor v. McDonough*, 71 F.4th 909 (Fed. Cir. 2023).  Second, he argues the Veterans Court erred in holding 38 U.S.C. § 5110's effective date limitations were not unconstitutional as applied to him.

I

"We review the Veterans Court's legal interpretations de novo." *Beaudette v. McDonough*, 93 F.4th 1361, 1366 (Fed. Cir. 2024) (citation omitted).  Mr. Ley argues the Veterans Court misinterpreted *Taylor* when holding it foreclosed the use of equitable estoppel to override 38 U.S.C. § 5110's limitations.  First, Mr. Ley argues *Taylor* was only a plurality opinion and thus nonbinding on the Veterans Court.  Second, Mr. Ley argues he is nonetheless entitled to equitable estoppel because the VA violated its statutory duty under 38 U.S.C. § 7331 to inform him he had CLL.

A

Mr. Ley's first argument, that *Taylor* is nonbinding, misinterprets our decision.  Our opinion in *Taylor* makes clear that Parts I–IV, joined by eight of the thirteen judges sitting en banc, "constitute an opinion for the court." 71 F.4th at 915.  The Veterans Court correctly relied upon these parts of *Taylor*, *id.* at 925–28, which are binding precedent.

B

Mr. Ley argues he is nonetheless entitled to equitable estoppel because the VA violated its statutory duty under

38 U.S.C. § 7331 to inform him he had CLL.  In *Taylor*, the majority held that "equitable estoppel is not available to override the claim-filing effective-date limits of § 5110." 71 F.4th at 927–28.  We acknowledged, however, that if a statute establishes a duty the VA must comply with as a precondition to enforcing the limitations of 38 U.S.C. § 5110, and that "precondition provision [is] violated," then enforcing those limitations "would be contrary to statute." *Id.* at 928–29.  In such scenarios, the veteran should receive "what would have been paid had there been no precondition-provision violation." *Id.* at 929.  We made clear that "[t]he basis for such an award is *not* the doctrine of equitable estoppel" but rather "a statutory-violation and remedy analysis." *Id.* (emphasis added).

Mr. Ley argues he is entitled to equitable estoppel because the VA, through the Florida VA doctors, violated its statutory duty under 38 U.S.C. § 7331 to inform him of his CLL diagnosis, and this statutory duty is a precondition to enforcing the effective date limitations of 38 U.S.C. § 5110. In so arguing, Mr. Ley improperly relies on the concurrence in *Taylor*, not the proper framework set forth by the majority, which held that "equitable estoppel is not available to override the claim-filing effective-date limits of § 5110." 71 F.4th at 927–28.  Moreover, even assuming Mr. Ley's argument was properly preserved[1] and presented under the correct framework, 38 U.S.C. § 7331 does not create a

---

[1]    Before the Veterans Court, Mr. Ley never squarely argued, as he does now, that 38 U.S.C. § 7331 was a precondition to the enforcement of 38 U.S.C. § 5110. J.A. 49–55; J.A. 83–96.  Instead, he argued that he was entitled to equitable estoppel because the Florida VA doctors "breached recognized medical standards of care" as well as their "duty to care for veterans" and "inform patients of their medical conditions," citing generally to various regulations.  J.A. 53; J.A. 95.

precondition for the enforcement of 38 U.S.C. § 5110's effective date limitations.

The statute at issue, 38 U.S.C. § 7331, reads as follows:

> The Secretary, upon the recommendation of the Under Secretary for Health and pursuant to the provisions of section 7334 of this title, shall prescribe regulations establishing procedures to ensure that all medical and prosthetic research carried out and, to the maximum extent practicable, all patient care furnished under this title shall be carried out only with the full and informed consent of the patient or subject or, in appropriate cases, a representative thereof.

In *Taylor*, we held that a statute requiring VA to provide outreach services, 38 U.S.C. § 6303, was not a precondition to the enforcement of 38 U.S.C. § 5110 because the statute was "hortatory" and did not "impos[e] 'enforceable legal obligations upon the Secretary' that condition enforcement of the § 5110 limits." 71 F.4th at 929 (citing *Rodriguez v. West*, 189 F.3d 1351, 1355 (Fed. Cir. 1999)). The same applies to 38 U.S.C. § 7331. Section 7331 "does not prescribe any remedy for its breach." *Andrews v. Principi*, 351 F.3d 1134, 1137 (Fed. Cir. 2003). Nor does section 7331 "indicate[] . . . that the Secretary's failure to [abide by the statute] justifies ignoring the unequivocal command in 38 U.S.C. § 5110(a) that the effective date of benefits cannot be earlier than the filing of an application therefor." *Rodriguez*, 189 F.3d at 1355. For these reasons, we conclude 38 U.S.C. § 7331 is not a statutory precondition to the enforcement of 38 U.S.C. § 5110.

## II

Mr. Ley next argues the Veterans Court erred in holding 38 U.S.C. § 5110's effective date limitations not

unconstitutional as applied to him because the government violated his fundamental right of access to the VA benefits system.

A right-of-access claim "asks whether the government has, by affirmative conduct, unduly interfered with the individual's access to the adjudication offered by the forum." *Taylor*, 71 F.4th at 935 (citation omitted). In *Taylor*, a plurality of this court determined 38 U.S.C. § 5110's effective date limitations were unconstitutional as applied because, for over thirty years, the government, through "securing a secrecy oath backed by court-martial and prosecution threats," foreclosed Mr. Taylor's ability to disclose what he was subjected to in the Edgewood program with "no exception for VA adjudicatory processes." *Id.* at 935, 945–46. *Taylor* reflected "what [the plurality] expect[ed] to be a very rare set of circumstances" driving its decision. *Id.* at 918.

The Veterans Court determined, after "essentially adopt[ing]" *Taylor*'s plurality analysis, that Mr. Ley failed to show active interference from the government prevented him from accessing the VA benefits system. J.A. 13–22. The Veterans Court reasoned Mr. Ley was always "free to file an initial claim for benefits for his diagnosis and disabling symptoms" and "appellant's position relative to the benefits system was unchanged" regardless of "[w]hether the hematologist diagnosed CLL or [MBL.]" J.A. 20. In sum, the Veterans Court determined even if the hematologist's diagnosis was not "correct or a complete picture of his situation" Mr. Ley "had access [to the VA benefits system], [and] that access was meaningful." J.A. 21.

We agree Mr. Ley's situation is not akin to the "very rare set of circumstances" presented in *Taylor*. 71 F.4th at 918. In *Taylor*, the government's "secrecy oath backed by court-martial and prosecution threats" undoubtedly acted "as a barrier to access of the VA adjudicatory system" because it was a clear affirmative government act with a

"natural, predictable effect" of foreclosing access to the VA benefits system and did, in fact, "cause Mr. Taylor not to file a claim" as he was entitled. *Id.* at 935–36. Although a CLL diagnosis may have served as additional motivation to file a claim, given CLL carried a 100% disability rating entitlement,[2] Mr. Ley was experiencing disabling symptoms, received a diagnosis, had access to his VA medical records, was free to obtain secondary medical opinions, and was never barred from filing a claim with the VA for those symptoms. It is clear this situation, albeit unfortunate, is not comparable to what we were confronted with in *Taylor* and does not amount to government interference with Mr. Ley's right of access to the VA adjudicatory system.

## CONCLUSION

We have considered Mr. Ley's remaining arguments and find them unpersuasive. Accordingly, we affirm the Veterans Court decision.

## **AFFIRMED**

### COSTS

No costs.

---

[2]    *See* 38 C.F.R. § 4.117, D.C. 7703 (2012).